IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD BIN SALIH BIN SULAIMAN AL-JUTAILI, by and through his next friend, SALMAN SALIH AL-JUTAILI,[1] <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, DONALD RUMSFELD, ARMY BRIG. GEN. JAY HOOD, and ARMY COL. MIKE BUMGARNER, <br><br> Respondents. | No. 1:05 CV 01669 (RWR) |

MEMORANDUM IN SUPPORT OF PETITIONER'S
MOTION FOR PRESERVATION ORDER

Petitioner Fahd bin Salih Bin Sulaiman Al-Jutaili ("Petitioner"), together with his Next Salman Salih Al-Jutaili, as co-Petitioner, by their counsel, request this Court to order the Respondents to preserve and maintain all evidence, documents, and information regarding the Petitioner now being held in military custody at the United States Naval Station at Guantánamo Bay, Cuba ("Guantánamo") as well as all evidence, documents, and information relating to any other detainees related to or involved in Petitioner's case.

In ten other Guantánamo detainee cases, including four cases before this Court, four judges of this District have issued orders of preservation. *See* July 18, 2005 Order in *Slahi v. Bush*, No. 05-881 (RWR) (July 18, 2005), *Chaman v. Bush*, No. 05-887 (RWR), *Abdulhazer v. Bush*, No. 05-1236 (RWR), and *Hohmmadi v. Bush*, No. 05-1246 (RWR); *Abdah v. Bush*, No.

---

[1] Petitioners' names were previously misspelled "Fahad Saleh Algatele" and "Salman Saleh Algatele," respectively, on Petitioner's original petition for writ of *habeas corpus*. Counsel for Petitioner have notified Respondents' counsel of the correct spelling and have filed a motion to modify caption and for leave to amend petition for writ of *habeas corpus* to reflect the correct English spellings of these names.

04-1254 (HHK) (June 10, 2005); *Al-Adahi, v. Bush*, No. 05-280 (GK) (April 28, 2005); *Al-Shiry v. Bush*, No. 05-0490 (PLF) (March 25, 2005); *Al-Marri v. Bush*, No. 04-2035 (GK) (March 7, 2005); *Anam v. Bush*, No. 04-1194 (HHK) (June 10, 2005); and *Ahmed v. Bush*, No. 05-1678 (GK) (November 16, 2005). In five other cases, this Court and Judge Bates deemed the motion for preservation order moot because the very preservation order sought by petitioners had already been issued against the same respondents, and thus the respondents were already under a pre-existing duty to preserve the same information. *See* July 18, 2005 Order in *El-Banna v. Bush*, No. 04-1144 (RWR), *Abdullah v. Bush*, No. 05-23 (RWR), and *Al Rashaidan v. Bush*, No. 05-586 (RWR); *Al-Anazi v. Bush*, 05-0345 (JDB) (Oct. 28, 2005); and *O.K. v. Bush*, No. 04-1136 (JDB) (Oct. 27, 2005). Finally, in *Battayav v. Bush,* 05-714 (RBW) (May 5, 2005), a similar motion was denied because Judge Walton held that the request was akin to a preliminary injunction but the petitioners had failed to make any showing that equitable relief was warranted. *Id.* at 4. Nonetheless, Judge Walton ruled that respondents were already obliged to preserve relevant documents under prior preservation orders. *Id.*

Thus, in each detainee case in which a motion for preservation order has been filed -- whether the motion was granted or the court found that prior orders issued against respondents applied -- the end result has been the same: Respondents have been required to preserve and maintain all evidence relating to the respective petitioner and all information regarding the torture, mistreatment, and abuse of detainees in Guantánamo. Despite the possible application of other orders to the Respondents, Petitioner, in an abundance of caution, submits this motion and memorandum in support to preserve all evidence relating to Petitioner and other detainees related to or involved in Petitioner's case.

2

CHICAGO_1338838_1

Petitioner requests that the Preservation Order specifically prevent Respondents (or any agent of Respondents) from destroying any documents, or information relating to Petitioner's claims. The Government should be required to preserve them pending a resolution of this matter.

A party seeking a preservation order ordinarily must demonstrate that the order is both necessary and not unduly burdensome. *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 138 (2004). Here, a preservation order is necessary because Petitioner's claims cannot be adjudicated without such evidence. Given that information provided by fellow detainees is often used to determine enemy combatant status, it is critical that this Court also require Respondents to preserve all evidence, documents, and information regarding all other detainees who are related to or have contributed to Petitioner's case in any way. Indeed, most, if not all, of the documents relevant to the adjudication of Petitioner's claims are in the sole custody and control of the Respondents.

Judge Kennedy, in *Anam v. Bush*, No. 04-1194 (June 10, 2005), stated that "a preservation order in *habeas* proceedings, particularly in proceedings . . . where there has been no full disclosure of the facts on the public record to authorize the challenged detention, is necessary to ensure the fairness and completeness of any evidentiary hearing held in conjunction with . . . [the *habeas*] proceedings." Like the situation in *Abdah v. Bush*, No. 04-1254 (June 10, 2005), where Judge Kennedy issued a protective order because of the need "to preserve the status quo pending resolution of appeals," a preservation order is necessary here as well.

There is a credible threat of loss or destruction of evidence relating to the treatment of persons being held in United States military facilities on suspicion of being enemy combatants. Specifically, a heavily redacted FBI email -- released pursuant to a Freedom of Information Act

3

lawsuit filed by the ACLU -- reports that certain individuals had engaged in a "cover-up" of abuse of civilian prisoners in Iraq by their interrogators.  *See* FBI Sacramento Field Office, Urgent Report, dated June 25, 2004 (attached as Exhibit A).  More fundamentally, the military's own investigation of detainee abuse in Afghanistan allegedly was hindered because, among other things, "documents disappeared, and at least a few pieces of evidence were mishandled." Tim Golden, "Army Faltered in Investigating Detainee Abuse," *The New York Times*, May 22, 2005, at A1 (attached as Exhibit B).  Although this did not occur at Guantánamo, the personnel responsible for the evidence of the abuse were accountable to Respondents.

Because Respondents are already subject to the preservation orders entered in the other cases cited above, the issuance of a preservation order in this case would create no additional burden.  In fact, as observed by Judge Kessler in *Al-Marri v. Bush*, No. 04-2035 (GK) (Mar. 7, 2005), because the "Respondents represent that the information at issue will not be destroyed . . . entering a preservation order will inflict no harm or prejudice upon them."  Based on this same reasoning, in *Abdah v. Bush*, No. 04-1254 (HHK) (June 10, 2005), Judge Kennedy found that a preservation order would not impose any harm or prejudice upon the Respondents.  Thus, the preservation order is both necessary and not unduly burdensome.

A request for a document preservation order does not require the same rigors of the four-factor analysis ordinarily employed in issuing injunctions.  *Anam v. Bush*, No. 04-1194 (HHK) (June 10, 2005); *Pueblo*, 60 Fed. Cl. at 138 n.8.  Indeed, in *Abdah v. Bush*, No. 04-1254 (June 10, 2005), Judge Kennedy stated that "a document preservation order is no more an injunction than an order requiring a party to identify witnesses or to produce documents in discovery."  *Id.* (quoting *Pueblo*, 60 Fed. Cl. at 138 n.8.).  Similarly, Judge Kessler, in *Al-Marri v. Bush*, No. 04-2035 (Mar. 7, 2005), found that a party seeking a preservation order need not meet the standards

4

for a preliminary injunction.[2] To consider whether a plaintiff would be successful on the merits of its case in deciding whether to protect records from destruction has been described as an "an approach [that] would . . . put the cart before the horse." *Pueblo*, 60 Fed. Cl. at 138 n.8.

Pursuant to LCvR 7(m), Petitioner's counsel conferred with Respondents' counsel regarding this Motion for Preservation Order, and Respondents' counsel indicated that they would not consent at this time.

---

[2] While two orders have questioned what standard should be applied for motions to preserve evidence in detainee cases, *see Al-Anazi v. Bush*, 05-0345 (JDB) (Oct. 28, 2005) and *Battayav v. Bush,* 05-714 (RBW) (May 5, 2005), this Court stated that the distinction between the potentially applicable standards "may be one without a practical difference." *See* July 18, 2005 Order in *El-Banna v. Bush*, 04-1144 (RWR) and *Abdullah v. Bush*, 05-23 (RWR).

CHICAGO_1338838_1

WHEREFORE, for the reasons discussed above, the motion should be granted. A Draft Order is attached hereto.

Dated: November _____, 2005

Respectfully submitted,

_____/s/ Daniel Mach_____
One of the Attorneys for Petitioner

| | |
|---|---|
| Thomas P. Sullivan | Daniel Mach (Admitted in D.D.C.) |
| Jeffrey D. Colman | JENNER & BLOCK LLP |
| David J. Bradford | 601 Thirteenth Street, N.W., Suite 1200 |
| Patricia A. Bronte | Washington, D.C. 20005-3823 |
| Wade A. Thomson | Tel: (202) 639-6000 |
| Maya D. Nath | Fax: (202) 639-6066 |
| JENNER & BLOCK LLP | |
| One IBM Plaza | |
| Chicago, IL 60611 | |
| Tel: (312) 923-9350 | |
| Fax: (312) 527-0484 | |

*Of Counsel*
Barbara Olshansky (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

6

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the Motion for an Order to Show Cause, Petitioner's Memorandum of Law in Support of Motion for an Order to Show Cause, and the Draft Order to Show Cause were served upon the following person by e-mail on the 18th day of November, 2005, and by First Class U.S. Mail on the 19th day of November, 2005:

>Preeya M. Noronha
>Trial Attorney
>Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., NW
>Washington, DC  20530
>email: preeya.noronha@usdoj.gov

                                              _____/s/ Daniel Mach_____
                                                        Daniel Mach