IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FAHD BIN SALIH BIN SULAIMAN AL-JUTAILI, ) <br> by and through his next friend, SALMAN SALIH ) <br> AL-JUTIALI,[1] ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, DONALD RUMSFELD, ) <br> ARMY BRIG. GEN. JAY HOOD, and ARMY COL. ) <br> MIKE BUMGARNER, ) <br> ) <br> Respondents. ) | No. 1:05 CV 01669 (RWR) |

PETITIONER'S LIMITED OPPOSITION TO
RESPONDENTS' MOTION TO STAY PROCEEDINGS

Petitioner Fahd bin Salih bin Sulaiman Al-Jutaili ("Petitioner"), together with his Next Friend Salman Salih Al-Jutaili, by their counsel, agree to the stay requested by Respondents, but respectfully request that any stay of proceedings be conditioned upon Respondents' (1) complying with the Court's order of October 31, 2005, requiring a statement showing why the Writ of *Habeas Corpus* should not issue; (2) preserving all evidence, documents, and information relating to Petitioner's case; and (3) providing 30 days' advance notice of any transfer of Petitioner from Guantánamo Bay, Cuba. Requiring Respondents to comply with this Court's order of October 31 would be consistent with Your Honor's ruling and the orders of eight other Judges of this District who have required Respondents to file factual returns even when cases were being stayed. Petitioner requests the second and third items of relief in two

---

[1] Petitioners' names were previously misspelled "Fahad Saleh Algatele" and "Salman Saleh Algatele," respectively, on Petitioner's original petition for writ of *habeas corpus*. Counsel for Petitioner have notified Respondents' counsel of the correct spelling and have filed an unopposed motion to modify caption and for leave to amend petition for writ of *habeas corpus* to reflect the correct English spellings of these names.

motions filed concurrently with this memorandum: the Motion for Preservation Order (the "Preservation Motion"); and the Motion for Order Requiring Respondents to Provide the Court and Counsel for Petitioner with 30 Days' Advance Notice of any Removal of Petitioner from Guantánamo (the "Transfer Notice Motion").

In an attempt to save the resources of the parties and this Court, and in accordance with LCvR 7(m), Petitioner's counsel conferred with Respondents' counsel regarding Petitioner's requests for a factual return, a preservation order, and advance notice of the transfer of Petitioner. Respondents' counsel rejected these requests. As discussed below, and in more detail in the Motions and supporting memoranda, these requests have been approved by numerous judges of this Court in similar cases.

<u>First</u>, Petitioner requests that Respondents preserve all evidence relating to Petitioner and his case. At this time, Petitioner does not seek discovery from Respondents other than the factual return. Rather, Petitioner merely requests that this information be preserved. As discussed in the Preservation Motion, when faced with similar motions in detainee cases, six judges of this District have either issued preservation orders or held that the Respondents were already obliged to preserve the evidence.

<u>Second</u>, Petitioner requests 30 days' advance notice of Respondents' intent to remove Petitioner from Guantánamo. If Petitioner were transferred from Guantánamo to a foreign country, he could be detained indefinitely or tortured. In addition, such a transfer could deprive this Court of jurisdiction over Petitioner's *habeas* claims. Therefore, consistent with the decisions of six judges in 25 similar cases pending in this District, Petitioner requests that Respondents be ordered to provide advance notice to the Court and Petitioner's counsel of any intent to remove Petitioner from Guantánamo.

2

In addition to the foregoing, Petitioner requests that any stay permit him to seek emergency relief from the Court in appropriate circumstances, such as when Petitioner has reason to believe that he is facing the possibility of continued detention at the request of the United States in a location that does not provide access to this Court, or when issues arise relating to counsel's access to Petitioner or the designation of documents or information as classified. *See Abdullah v. Bush*, 2005 U.S. Dist. LEXIS 21283, at *3-4 (D.D.C. Mar. 16, 2005) (Roberts, J.). Respondents' Motion to Stay Proceedings (at page 2 n.1) states that Respondents "do not intend . . . to block counsel access to" their clients or to preclude future challenges to the terms of the protective orders governing the procedures for counsel's access to detainees and the handling of classified documents in this case.

"Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties." *Al-Oshan v. Bush*, No. 05-520 (RWR), at 2 (D.D.C. Mar. 31, 2005). In this case, the Court should condition the stay of proceedings on Respondents' compliance with the requests described above. As Your Honor has explained,

> A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties . . . . A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit . . . has been stayed pending appeal . . . . Where, as here, the condition [*i.e.*, advance notice of transfer] imposed on the proponent of the stay is "neither heavy nor unexpected," imposing a protective condition is well within a court's discretion.

*Ahmed v. Bush*, 2005 U.S. Dist. LEXIS 14024, at *2-3 (D.D.C. July 8, 2005) (citations omitted). In this case, complying with Petitioner's requests would be neither burdensome nor unexpected, and such compliance is necessary in order to preserve the status quo and protect Petitioner from prejudice during the pendency of the related appeals. Imposition of these conditions also would

3

assure that this Petitioner is treated on an equal basis with other petitioners who have obtained the requested relief.

Petitioner also agrees with Respondents that the Court should enter two orders entered in *In re Guantánamo Bay Detainee Cases*, No. 02-0299, *et al.*: (1) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004; and (2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004 (the "Procedural Orders").

For all the reasons set forth above and in the Preservation Motion and the Transfer Notice Motion, Petitioner respectfully asks the Court to order, as a condition of the stay requested by Respondents, that Respondents:

(a) Comply with the Court's Order of October 31, 2005, requiring Respondents to "file and serve on the petitioner a statement showing why the Writ of *Habeas Corpus* should not issue;

(b) Preserve all evidence, documents, and information relating to Petitioner and his case; and

(c) Provide the Court and counsel for Petitioner with 30 days' advance notice of any transfer of Petitioner from Guantánamo Bay, Cuba.

Petitioner further requests that the Court enter the Procedural Orders in this case, and clarify that the stay of proceedings will not prevent Petitioner from seeking emergency relief from the Court in appropriate circumstances, such as when Petitioner has reason to believe that he is facing the possibility of continued detention at the request of the United States in a location

4

that does not provide access to this Court, or when issues arise relating to counsel's access to Petitioner or the designation of documents or information as classified.

CHICAGO_1339335_1

Respectfully submitted,

\_\_\_\_/s/ Daniel Mach_____   Dated:  November 18, 2005
One of the Attorneys  for Petitioner

| | |
|---|---|
| Thomas P. Sullivan | Daniel Mach (Admitted in D.D.C.) |
| Jeffrey D. Colman | JENNER & BLOCK LLP |
| David J. Bradford | 601 Thirteenth Street, N.W., Suite 1200 |
| Patricia A. Bronte | Washington, D.C.  20005-3823 |
| Wade A. Thomson | Tel: (202) 639-6000 |
| Maya D. Nath | Fax: (202) 639-6066 |
| JENNER & BLOCK LLP | |
| One IBM Plaza | |
| Chicago, IL  60611 | |
| Tel: (312) 923-9350 | |
| Fax: (312) 527-0484 | |

*Of Counsel*
Barbara Olshansky (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

# **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the Motion for an Order to Show Cause, Petitioner's Memorandum of Law in Support of Motion for an Order to Show Cause, and the Draft Order to Show Cause were served upon the following person by e-mail on the 18th day of November, 2005, and by First Class U.S. Mail on the 19th day of November, 2005:

>Preeya M. Noronha
>Trial Attorney
>Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., NW
>Washington, DC  20530
>email: preeya.noronha@usdoj.gov

_____/s/ Daniel Mach_____
Daniel Mach