# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                               )
HAZI AHMED,                    )
                               )
        Petitioner,            )
                               )
            v.                 )     Civil Action No. 05-665 (RWR)
                               )
GEORGE W. BUSH et al.,         )
                               )
        Respondents.           )
                               )
```

## MEMORANDUM ORDER

Petitioner Hazi Ahmed, through his next friend, **seeks a writ** of habeas corpus, challenging the legality of his detention by the United States at Guantanamo Bay Naval Base, Cuba. **The** petition [Dkt. # 1] seeks, among other things, that petitioner not be removed or transferred from Guantanamo Bay without 30 days' prior notice to his counsel. Petitioners' motion for a show cause order [Dkt. # 5] seeks, among other things, an order directing respondents to file a factual return justifying the detention of Ahmed. Respondents moved for a stay of proceedings [Dkt. # 4] pending resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Kalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeal docketed

-2-

sub nom. Boumediene v. Bush et al., No. 05-5062 (D.C. Cir. March
10, 2005).

A primary purpose of a stay pending resolution of the issues
on appeal is to preserve the status quo among the parties.
Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559
F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is
preventative or protective, and seeks to maintain the status quo
pending a final determination of issues on appeal); see Warm
Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974)
(granting stay pending appeal to maintain the status quo between
the parties). A court may, in appropriate situations, specify
protective conditions in balancing the hardship necessarily
imposed on the party whose suit or execution of judgment has been
stayed pending appeal. Cooks v. Fowler, 459 F.2d 1269, 1272-73 &
n.27 (D.C. Cir. 1971) (affirming condition of stay requiring
tenant appealing judgment to deposit funds in court registry
pending appeal); see also, City of Portland, Or. v. Federal
Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing
the proponent of a stay in a case challenging shippers' exclusion
of one city's port from service to "be prepared to state reasons
why this court should not impose a conditional stay requiring the
rotation of service among the ports involved pending final review
and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir.

-3-

1967) (discussing a stay of execution of judgment conditioned upon support payments); Center for Int'l Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on party seeking an expedited appeal). Where, as here, the condition imposed on the proponent of the stay is "neither heavy nor unexpected," imposing a protective condition is well within a court's discretion. Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have little doubt that . . . [a court] may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation")).

Therefore, here

the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." Landis v. North American Co., 299 U.S. 248, 256 (1936). Coextensive with a district court's inherent power to stay proceedings is the power to craft a stay that balances the hardships to the parties. Id. at 255 (noting concern regarding a stay causing "even a fair possibility . . . [of] damage to some one else"); see also Clinton v. Jones, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005) (Urbina, J.) (Order, Dkt. # 12). Accordingly, it is hereby

-4-

ORDERED that respondents' motion for a stay {Dkt. # 4] be, and hereby is, GRANTED in part and DENIED in part.  The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court.  It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and counsel for petitioners thirty days' advance written notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay.  It is further

ORDERED that, given the ongoing conduct of combatant status review tribunals, respondents shall file within 30 days of the entry of this Order a factual return relating to the detained petitioner.

-5-

SIGNED this 8th day of July, 2005.


                                    _____/s/_____
                                    RICHARD W. ROBERTS
                                    United States District Judge