IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**FAHD BIN SALIH BIN SULAIMAN**              )
**AL-JUTAILI et al.,**                       )
                                            )
    **Petitioners,**                          )
                                            )   No. 05-CV-1669 (TFH)
                                            )
    v.                                       )
                                            )
                                            )
**GEORGE W. BUSH, et al.,**                 )
                                            )
                                            )
    **Respondents.**                          )
_____)

**PETITIONER'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE
WHY THIS CASE SHOULD NOT BE DISMISSED**

Petitioner, Fahd Bin Salih Bin Sulaiman Al-Jutaili, by his counsel, submits this response to the Court's August 28, 2006 order to show cause why this case should not be dismissed, and in support states:

On May 23, 2006, Respondents provided notice that they had transferred Mr. Al-Jutaili from Guantánamo Bay Naval Base, Cuba ("Guantánamo") to the custody of the Kingdom of Saudi Arabia. On August 28, 2006, Your Honor issued a minute order indicating: "Petitioners' counsel shall show cause in writing, on or before September 18, 2006 why the petition for habeas corpus in this case should not be dismissed as moot." Because Petitioner is entitled to discovery on whether Saudi Arabia continues to detain Mr. Al-Jutaili at the behest of the United States and because of potential legislation that purports to strip habeas corpus jurisdiction from the federal district courts, this Court should not dismiss Mr. Al-Jutaili's claims at this time. Instead, we respectfully request that the Court hold this issue in abeyance until after the Court of Appeals

CHICAGO_1449489_4

rules in the consolidated appeal in *Khalid v. Bush, Boumediene v. Bush,* and *In re Guantanamo Detainee Cases*, *See* No. 05-5062, *et al.* (D.C. Cir.), and that a further status report or conference be scheduled at that time.

## BACKGROUND

On August 22, 2005, Mr. Al-Jutaili filed his petition for writ of habeas corpus, challenging the legality of his four-year detention at Guantánamo. Mr. Al-Jutaili also asserted several non-habeas claims.[1] Due to concerns that Respondents would transfer Mr. Al-Jutaili for continued detention to another country possibly in an attempt to evade the jurisdiction of this Court on November 18, 2005, Mr. Al-Jutaili filed a Motion and Memorandum in Support for Order Requiring Respondents to Provide the Court and Counsel For Petitioner with 30 Days' Advance Notice of Any Removal of Petitioner from Guantánamo ("Motion"). In his Motion, Mr. Al-Jutaili cited *Abdah v. Bush*, 2005 U.S. Dist. LEXIS 4144, at *16 (D.D.C. Mar. 12, 2005), which found that detainees had been sent to other countries, and specifically Saudi Arabia, on the express condition that they continue to be detained. Mot. at 2-3. In *Abdah*, Judge Collyer examined the declaration of Ambassador Prosper -- similar to the affidavits filed in this case -- and held:

> What is evident from the record is that the Pentagon and State Department are working together to arrange for some numbers of unspecified GTMO detainees to be transferred to foreign nations and detained for uncertain periods….That this process continues is acknowledged by the United States.

*Id.* at *16 (citing Prosper Declaration p. 2).

---

[1] Mr. Al-Jutaili's non-habeas claims include: arbitrary denial of his rights under international humanitarian and human rights law; and torture, cruel, inhuman or degrading treament, and arbitrary arrest and prolonged arbitrary detention under the Alien Tort Statute. (Am. Compl. pp. 14-24.)

In their response brief to the Motion, Respondents, as they have done in numerous other filings, argued that once they transfer a detainee to the custody of another country, this Court loses jurisdiction over that detainee's petition because the ultimate goal of relinquishment from U.S. custody would be realized. Resp. Br. at 14.

This Court did not rule on Mr. Al-Jutaili's Motion requiring respondents to provide Mr. Al-Jutaili's counsel and this Court with 30 days' notice prior to transporting or removing Mr. Al-Jutaili from Guantánamo.

On May 23, 2006, Respondents filed a Notice ("Notice") that Mr. Al-Jutaili had been transferred to the Kingdom of Saudi Arabia. The Notice indicated that Mr. Al-Jutaili would be transferred

> consistent with United States' policies and practices pertaining to transfers for continued detention, investigation, and/or prosecution as the transferee country deems appropriate. These policies and practices are outlined in the declarations of Ambassador Pierre-Richard Prosper and Deputy Assistant Secretary of Defense for Detainee Affairs Matthew W. Waxman previously filed in this or other Guantanamo Bay detainee habeas cases[.]

Resp. Notice at 1. In a footnote, the Notice indicates that "while Mr. Waxman and Mr. Prosper have both recently left office, the policies and practices set forth in their prior declarations remain in effect and applicable to the instant case." *Id.* at n.1.

Counsel have not been able to communicate with Mr. Al-Jutaili's family for approximately three (3) weeks. The last time counsel spoke with Mr. Al-Jutaili's brother, Mr. Al-Jutaili remained in the custody of the Saudi government. (*See* Exhibit A, Declaration Jeffrey D. Colman.)

Other Guantánamo detainees have also been transferred to foreign countries. In some of these cases, the district court judges ordered the petitioners to show cause why their habeas

3

claims should not be dismissed for mootness. *See Mohammed v. Bush*, No. 05-CV-1002 (EGS) (D.D.C. September 1, 2006); *Al-Shihry v. Bush*, No. 05-CV-490 (PLF) (D.D.C. August 14, 2006); *Salaam v. Bush*, No. 05-CV-1013 (JDB) (D.D.C. July 27, 2006); *Al-Anazi* v. Bush, No. 05-CV-345 (JDB) (D.D.C. July 19, 2006); *Khudaidad v. Bush*, No. 05-CV-997 (PLF) (D.D.C. June 6, 2006); *Al Rashaidan v. Bush*, No. 05 CV-586 (RWR) (D.D.C. June 5, 2006); *Al-Uwaidah v. Bush*, No. 05-CV-1668 (GK) (D.D.C. May 24, 2006); *Baqi v. Bush*, No. 05-CV-1235 (PLF) (D.D.C. March 6, 2006). Of these, one order to show cause was withdrawn. *Al Rashaidan v. Bush*, No. 05 CV-586. Three habeas petitions were dismissed, all without prejudice.[2] *Salaam v. Bush*, No. 05-CV-1013; *Khudaidad v. Bush*, No. 05-CV-997; *Baqi v. Bush*, No. 05-CV-1235. In each of these three cases, the petitioners did not argue against the dismissal of the petitions on legal or factual grounds. Rather, counsel for these petitioners sought to gain factual information on whether or not the petitioners had actually been transferred. Thus, it is the understanding of undersigned counsel that there have been no dismissals of Guantánamo habeas claims subsequent to transfer, where the petitioners requested discovery into whether the detainee remained in the constructive custody of the United States.

In addition, there is now a consolidated appeal pending in the Court of Appeals for the D.C. Circuit. This consolidated appeal arose from conflicting rulings in Guantánamo habeas cases before Judge Richard J. Leon and Senior Judge Joyce Hens Green of the D.C. District Court. On January 19, 2005, Judge Leon granted respondents' motion to dismiss or for judgment in its entirety in two Guantánamo habeas cases, concluding that constitutional protections do not

---

[2] One similar case involved an emergency motion to dismiss an appeal as moot, before the US Court of Appeals for the DC Circuit. *Qassim v. Bush*, No. 05-5477 (August 14, 2006). The petitioners argued that the case was not moot, due to the voluntary cessation exception to mootness, and the survival of declaratory and injunctive relief as remaining live issues. The appeals court granted the motion to dismiss.

4

extend to aliens outside sovereign United States territory, such as the Guantánamo detainees, and that the detainees had no viable claims under U.S. statutory law or international law or treaties. *See Khalid v. Bush*, No. 04-CV-1142 (RJL), *Boumediene v. Bush*, No. 04-CV-1166 (RJL), 335 F. Supp. 2d 311 (D.D.C. 2005). The *Khalid* and *Boumediene* cases are currently on appeal to the D.C. Circuit. *See* Nos. 05-5062, 05-5063 (D.C. Cir.). Judge Green, in similar Guantánamo habeas cases, held that procedural due process protections apply to aliens detained at Guantánamo bay and that the Combatant Status Review Tribunal proceedings the military has used to confirm detainees' status as enemy combatants do not satisfy these due process requirements. *In re Guantanamo Detainee Cases,* No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005). These cases were also appealed by respondents. All these cases have been consolidated and are currently pending before the United States Court of Appeals for the D.C. Circuit. *See* No. 05-5062, *et al.* (D.C. Cir.). These cases present issues central to all Guantánamo habeas cases, and because the consolidated appeal is still pending, these issues have yet to be resolved.

## ARGUMENT

As Judge Bates concluded in *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 68-69 (D.D.C. 2004), Petitioner should be afforded discovery on whether the Saudi government is detaining Mr. Al-Jutaili at the behest of the United States and whether the transfer seeks to evade this Court's jurisdiction to hear Mr. Al-Jutaili's claim. Mr. Al-Jutaili's habeas claims should not be dismissed without adversarial process based on that discovery.

I.     **This Case Should Not Be Dismissed Because There Is Reason To Believe That Mr. Al-Jutaili Remains In The Constructive Custody Of Respondents.**

Where another country holds a habeas petitioner at the behest of the United States in order to deny the petitioner the right to assert his rights in the United States, a habeas petition should not be denied for lack of jurisdiction. *See Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 68-69 (D.D.C. 2004). In *Abu Ali*, petitioner filed a habeas petition to challenge his ongoing detention in a Saudi prison allegedly at the behest and supervision of the United States. *Id.* at 30-31. The respondents (including the Director of the FBI, the Attorney General and several U.S. officials) argued the court lacked jurisdiction and the case should be dismissed, "no matter how extensive a role the United States might have played and continues to play in his detention, for the sole reason that [petitioner] is presently in a foreign prison." *Id.* at 40.

Judge Bates rejected these arguments and ordered "jurisdictional discovery" to determine whether petitioner could continue to challenge his detention in Saudi Arabia. *Id.* In so ruling, Judge Bates rejected the respondents' arguments as to why the court did not have jurisdiction.

<u>First</u>, Judge Bates ruled that habeas protection is not stilted by narrow readings of its territorial parameters and, as the Supreme Court made clear in *Rasul v. Bush*: "the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id.* at 43 (quoting *Rasul*, 124 S.Ct. 2686, 2695 (2004)). Judge Bates thereby rejected respondents' argument that there were "implicit territorial" limits on habeas.

<u>Second</u>, Judge Bates held that the Supreme Court has "very liberally" construed the "custody" requirement of habeas, and this requirement can be satisfied where the petitioner is held in "constructive custody." *Id.* at 45-50. Noting the "accepted breadth of the habeas statute," Judge Bates ruled that given

6

> the many circumstances in which habeas jurisdiction has been found where the individual was not in the immediate possession of the respondent, and the decisions in which habeas jurisdiction was found when the executive or some other government official was working through the intermediary of a State, a private individual, or a private corporation, the Court cannot find any basis in the habeas statute for denying jurisdiction merely because the executive is working through the intermediary of a foreign ally.

*Id.* at 49 (citations omitted); *see also Omar v. Harvey*, 416 F. Supp. 2d 19, 24-27 (D.D.C. 2006) (rejecting government's argument that court did not have jurisdiction over habeas petitioner who was in custody of a multinational force in Iraq because evidence suggested that petitioner was in constructive custody of United States). Judge Bates held it is "well-established" that federal courts can take action where a party attempts to wrongfully deprive parties of their right to sue. *Id.* at 54.

Third, Judge Bates rejected respondents' arguments that discovery into the detention of petitioner in Saudi Arabia should be denied on constitutional principles, including the act of state doctrine, separation of powers, and the political question doctrine. While Judge Bates ruled that each of these principles were "important considerations," he ruled that none "extinguishes the fundamental right" of a habeas petitioner to challenge his detention alleged to be at the behest of the executive. *Id.* at 57.[3]

---

[3] Abu Ali was an American citizen. However, given that the Supreme Court expressly ruled that this Court has jurisdiction to hear habeas claims of detainees such as Mr. Al-Jutaili, *see Rasul*, 124 S.Ct. at 2698, the colorable claim that Respondents are constructively detaining Mr. Al-Jutaili through Saudi agents to thwart jurisdiction here, and the Supreme Court's liberal reading of the relevant habeas provisions, this fact should make no difference here. *See Abu Ali*, 350 F. Supp. 2d at 54 ("It is well-established that federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal Courts for the protection of their rights in those tribunals.") (quoting *Alabama Great S. R. Co. v. Thompson*, 200 U.S. 206, 218 (1906)). Moreover, the extraordinary circumstances surrounding Mr. Al-Jutaili's claim -- including the fact that Respondents detained him incommunicado for over four years with no trial or military commission hearing -- should further weigh in favor of the discovery Mr. Al-Jutaili seeks at this time.

CHICAGO_1449489_4

Judge Bates' analysis in *Abu Ali* is correct and should be applied in this case. There is circumstantial evidence that Saudi Arabia may be detaining Mr. Al-Jutaili at the behest of the United States and that Respondents thereby seek to deny him the ability to assert his rights in the United States.[4] There has been no suggestion that Mr. Al-Jutaili was held at Guantánamo on account of violations of the laws of Saudi Arabia; thus, there is no apparent reason for his continued detention – without formal charges – other than that it is at the behest of the United States government. Also, there is evidence of a pattern of conduct by Respondents of transferring detainees to evade jurisdiction. Placing Mr. Al-Jutaili, and other detainees, in Guantánamo in the first place was motivated in part by the probability that habeas jurisdiction would not extend there. *See* Robert M. Chesney, *Leaving Guantánamo: The Law of International Detainee Transfers*, 20 U. RICH. L. REV. 657, 660-61 (2006) (citing a 2001 memorandum from the Department of Justice's Office of Legal Counsel).

It would deny Mr. Al-Jutaili due process to dismiss this petition on the basis of outdated affidavits from former government employees, which were not subject to cross-examination or any adversarial testing process. (*See* Waxman Declaration, p. 2.) At a minimum, at some appropriate time after the D.C. Circuit rules, Mr. Al-Jutaili should be allowed limited discovery into any agreements, conditions, or stipulations between Respondents and the Saudi government concerning his continued detention in Saudi Arabia.

---

[4] Presumably, only the governments of Saudi Arabia and the United States know what role, if any, the United States plays in Mr. Al-Jutaili's continued detention. The only means for Petitioner to present direct evidence on the issue is through discovery. That discovery should include, at minimum, one or more Rule 30(b)(6) depositions.

**II.     This Case Should Not be Dismissed Because a Dismissal May Permanently Deprive Mr. Al-Jutaili of a Remedy, in Light of Pending Federal Legislation.**

Given the unanswered questions concerning the circumstances of Mr. Al-Jutaili's detention in Saudi Arabia, any dismissal must be treated with caution. This is especially so in light of proposed legislation that may strip this Court of jurisdiction to hear the claims of Mr. Al-Jutaili in the future.

On June 29, 2006, the Supreme Court issued *Hamdan v. Rumsfeld*, which, among other things, held that the Detainee Treatment Act of 2005 ("DTA"), Pub. L. 109-148, 119 Stat. 2739, "does not strip federal courts' jurisdiction over cases pending on the date of the DTA's passage." *Hamdan v. Rumsfeld*, 126 S.Ct. 2749, 2769, n.15 (2006). After the *Hamdan* ruling, and especially in recent weeks, there have been indications that Congress is considering new legislation that will attempt to strip this Court's jurisdiction over habeas claims brought by petitioners held at Guantánamo Bay. Bringing Terrorists to Justice Act of 2006, S. 3861, 109th Cong. (2006). This new legislation may be detrimental to Mr. Al-Jutaili. If Mr. Al-Jutaili's claims are dismissed now rather than stayed, it is possible that legislation will be passed subsequent to the dismissal that will prospectively bar any habeas claims from being brought by detainees at Guantánamo Bay. If this were to happen, Mr. Al-Jutaili would be forever precluded from bringing habeas claims before federal courts in the United States.

This is especially relevant in light of the fact that at least some Guantánamo Bay detainees have had their cases dismissed by the District Courts without prejudice following their transfer to foreign countries. *See Salaam v. Bush*, No. 05-CV-1013; *Khudaidad v. Bush*, No. 05-CV-997; *Baqi v. Bush*, No. 05-CV-1235. While a court may intend that a dismissal pursuant to a transfer of the detainee out of custody be without prejudice, subsequent legislation currently

9

being considered may act to permanently deprive the petitioner of a legal remedy.[5] Thus, a dismissal intended to be made without prejudice might result in real and irreparable damage to Mr. Al-Jutaili's right to be heard in court.

## CONCLUSION

For the reasons set forth herein, this case should not be dismissed at this time and, depending on the result of the consolidated appeal in *Khalid v. Bush, Boumediene v. Bush,* and *In re Guantanamo Detainee Cases*, Mr. Al-Jutaili should be allowed reasonable discovery into the circumstances surrounding the role of the United States government in his continued detention in Saudi Arabia.  We request that the Court hold this issue in abeyance until after the Court of Appeals rules in the consolidated appeal mentioned above, and that a further status report or conference be scheduled at that time.

Respectfully submitted,

___/s/ David W. Debruin_____
One of the Attorneys for Petitioner

Jeffrey D. Colman
Wade A. Thomson
Elton Y. Wong
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois  60611
Tel:  (312) 222-9350
Fax: (312) 527-0484

Dated: September 18, 2006

David W. DeBruin (DDC Bar No. 337626)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W., Suite 1200
Washington D.C. 20005-3823
Tel: (202) 639-6000
Fax: (202) 639-6066

---

[5] In *Khudaidad*, for example, the court, in dismissing the petitioner's habeas claim, noted that, because counsel for the petitioner had been unable to locate or contact him, counsel did not object to dismissal of the case "without prejudice to its being re-filed if it is determined that petitioner has not in fact been released." *Khudaidad,* No. 05-CV-997 (June 26, 2006).

CHICAGO_1449489_4

*Of Counsel*
Barbara Olshanksy (BO3635)
Tina Monshipour Foster (TF5556)
Gitanjali S. Gutierrez (GG1234)
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
Fax: (212) 614-6499

11

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **Petitioner's Response To Court's Order To Show Cause Why This Case Should Not Be Dismissed** was served upon the following person by electronic filing and e-mail on the 18th day of September, 2006:

>Preeya M. Noronha
>Trial Attorney
>Civil Division
>Federal Programs Branch
>20 Massachusetts Ave., NW
>Washington, DC  20530
>email: preeya.noronha@usdoj.gov

/s/ David W. DeBruin